UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE VELOZ and GALILEO MEJIA, On Behalf of      Case No:
Themselves and All Others Similarly Situated,

                               Plaintiffs,        **COLLECTIVE AND**
                                                                            **CLASS ACTION**
                -vs.-                                                **COMPLAINT**
                                                                            **WITH JURY DEMAND**
MM CUSTOM HOUSE INC. d/b/a SPEEDWORLD,
MANUEL MASTROMIHALIS and MIKE MICHAEL,

                               Defendants.
------------------------------------------------------------------X

        Plaintiff JOSE VELOZ (hereinafter "Veloz) and GALILEO MEJIA (hereinafter "Mejia") (together as "Plaintiffs") on behalf of themselves and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against MM CUSTOM HOUSE INC. d/b/a SPEEDWORLD, ("SpeedWorld"), MANUEL MASTROMIHALIS (hereinafter "Mastromihalis") and Mike Michael (hereinafter "Michael") (together as Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

       1.     This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to him by: (i) the minimum wage provisions of the Fair Labor Standards Act ("FLSA), 29 U.S.C. §§ 201 *et seq.*; (ii) the minimum wage provisions of the New York Labor Law ("NYLL"), Article 19, §§ 650 *et seq.*; (iii) the overtime provisions of the FLSA, 29 U.S.C. § 207(a); (iv) the overtime provisions of NYLL § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (v) the spread of hours

requirement under the NYLL, Article 19, § § 650 et seq., and NYCCRR; (vi) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under the NYLL § 195(3); (vii) the requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of accurate information, NYLL § 195(1); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiffs worked for Defendants - - an Auto Collision, Auto Repair, and Auto Accessory Company and its owners/managers. Throughout their employment, Defendants required Plaintiff to work, and Plaintiff did work, more than forty hours per week. However, Defendants failed to pay Plaintiff at the minimum wage or overtime rate of pay of one and one-half times their regular rate of pay for each hour that Plaintiff worked per week in excess of forty, as the FLSA and the NYLL require. Furthermore, Defendants failed to pay Plaintiffs for their spread of hours in violation of NYLL. Lastly, Defendants failed to furnish Plaintiff with accurate and/or any wage statements on each payday as the NYLL requires or provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

3. Defendants paid and treated of all their non-managerial employees who worked for them in the same manner.

4. Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

5. Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the

Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

6. Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times, Plaintiff Veloz is a resident of the State of New York, resides in Manhattan, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

9. At all relevant times, Plaintiff Mejia is a resident of the State of New York, resides in Queens County, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

10. At all relevant times herein, SpeedWorld was and is a domestic business corporation with its principal place of business located at 7720 Queens Blvd., Elmhurst, NY 11373.

11. At all relevant times herein, Defendant Mastromihalis was a resident of the State of New York and had an actual place of business located at 7720 Queens Blvd., Elmhurst, NY 11373.

12. At all relevant times herein, Defendant Mastromihalis was the president and/or owner and/or day-to-day overseer of SpeedWorld.

13. Prior to the filing of this Complaint, Defendant Mastromihalis was served with a Notice pursuant to N.Y. Bus. Corp. Law § 630.

14. At all relevant times herein, Defendant Michael was the president and/or owner and/or day-to-day overseer of SpeedWorld..

15. At all relevant times herein, Defendant Michael was a resident of the State of New York and had an actual place of business located at 7720 Queens Blvd., Elmhurst, NY 11373.

16. Prior to the filing of this Complaint, Defendant Michael was served with a Notice pursuant to N.Y. Bus. Corp. Law § 630.

17. At all relevant times herein, Defendants were "employers" within the meaning of the FLSA, NYLL, and the NYCCRR.  Additionally, Defendants' qualifying annual business exceeded $500,000, and Defendants were engaged in interstate commerce within the meaning of the FLSA as they used supplies in the course of business, such as paint, tires, vehicles, car parts and other automatic parts/supplies, much of which originated in states other than New York and the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.  Furthermore, all of Defendants' employees, including Plaintiffs, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce.  This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiffs seek to bring this suit to recover from Defendants their full payment of all unpaid minimum wage and overtime compensation and liquidated damages under the

applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial employees who give consent to file a claim to recover damages for minimum wage compensation that is legally due to them and/or overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

19. Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were not paid minimum wage; (5) were required to work in excess of forty hours each workweek; and (6) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

20. At all relevant times, Defendants were aware of the requirement to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so. Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA

## RULE 23 CLASS ALLEGATIONS

21. In addition, Plaintiffs seek to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on their own behalf, individually, as well on behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

22. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

5

  b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

  c. Claims or defenses of the representative are typical of the class;

  d. The representative will fairly and adequately protect the class; and,

  e. A class action is superior to other methods of adjudication.

23. The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed any work for Defendants as non-managerial employees who: (1) were not paid at the minimum wage; and/or (2) worked in excess of forty hours per week without receiving overtime compensation; and/or (3) were not issued accurate or any pay stubs/wage statements on each payday containing the information that N.Y. Lab. Law § 195(3) requires; and/or (4) were not issued wage notices at the time of their hire, or at any time thereafter as required by N.Y. Lab. Law § 195(1) ("Rule 23 Plaintiffs").

## Numerosity

24. During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

## Common Questions of Law and/or Fact

25. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the minimum wage rate; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether the Defendants compensated or compensate each Rule 23 Plaintiff for spread of hours pay at the at the prevailing minimum wage for each day during which there was a split

6

shift and/or the spread of hours exceeded 10 hours; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

### Typicality of Claims and/or Defenses

26.     As described in the background facts section below, Defendants, despite the title that it assigned to Plaintiffs, employed Plaintiffs as non-managerial, non-exempt employees. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, as non-managerial employees, and Defendants failed to pay Plaintiffs minimum wage, overtime, or spread of hours.  Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the statutory minimum wage rate, at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, and spread of hours, and to be furnished with accurate wage statements and wage notices.  Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common

7

policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### Adequacy

27. Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. The Defendants did not pay Plaintiffs minimum wage, overtime pay for their hours worked over forty each week, or spread of hours, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs. Plaintiffs are no longer employed with the Defendant, and thus have no fear of retribution for their testimony. Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

### Superiority

28. Plaintiffs have no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

29. Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

30. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

31. Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## BACKGROUND FACTS

32. Defendants own and operate an auto repair, collision and customization shop.

33. At all relevant times, Defendants Mastromihalis and Michael were the owners and day-to-day overseers of SpeedWorld who in that capacity were responsible for hiring and firing employees, determining their rates and methods of pay and the hours that employees were required to work.

34. From in or about in or about 2009 through July 23, 2018, Plaintiff Veloz worked for Defendants. Throughout his employment, his job consisted of installation of car alarms, sound systems, HID lighting, bull bars, bumper guards, running various electrical wiring and painting car parts such as brake calipers.

35. Throughout his entire employment, Defendants required Plaintiff Veloz to work – and he did in fact work - from 9:00 a.m. to 7:00 p.m. Mondays through Saturdays, inclusive, for a total of 60 hours per week.

36. From on or about September 1, 2012 through on or about December 31, 2014, Defendants paid Plaintiff Veloz a fixed weekly salary of $450.00, which was intended to cover the first forty hours that he worked each week.

37. From on or about January 1, 2015 through on or about July 23, 2018, Defendants paid Plaintiff a fixed weekly salary of $500.00, which was intended to cover the first forty hours that he worked each week.

38. From in or about on or about January 15, 2014 through on or about July 23, 2018, Plaintiff Mejia worked for Defendants. Throughout his employment, his job consisted of installation of tires, suspension components, running various electrical wiring, change oil and oil filters and general mechanic work.

39. Throughout his entire employment, Defendants required Plaintiff Mejia to work – and he did in fact work - from 9:00 a.m. to 7:00 p.m. Mondays through Saturdays, inclusive, for a total of 60 hours per week.

40. Throughout his entire employment, Defendants paid Plaintiff Mejia a fixed weekly salary of $450.00, which was intended to cover the first forty hours that he worked each week.

41. Throughout their entire employment, Defendants failed to compensate Plaintiffs with the applicable minimum wage, as required under the FLSA and NYLL.

42. Plaintiffs worked more than forty hours in most, if not all, workweeks in which Defendants employed them. For example, from April 16, 2017 through April 22, 2017, Plaintiff worked 78 hours and Defendant paid him $500.00, which covered only the first forty hours that he worked that week.

43. Through his entire employment, Defendants suffered or permitted Plaintiffs to work over 10 hours per day. During such workdays, Defendants failed to compensate Plaintiff for any spread of hours pay at the at the prevailing minimum wage for each day during which there was a split shift, and/or the spread of hours exceeded 10 hours.

44. Throughout their entire employment, Defendants paid Plaintiffs on a weekly basis, without providing them with any wage statements that reflected the amount of hours that they worked, their regular rate of pay or his overtime rate of pay for each hour they worked in excess of forty hours in a given workweek.

45. Defendants intentionally did not provide Plaintiffs with a wage notice at the time of his hire, or at any time thereafter, containing any of the following information: their rates of pay and basis thereof; whether Plaintiffs were paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage,

including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

46. Defendants acted in the manner described herein so as to maximize their profits while minimizing his labor costs.

47. Every hour that Plaintiffs worked was for Defendants' benefit.

48. Defendants treated all FLSA Plaintiffs and Rule 23 Plaintiffs in the manner described above.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wage under the FLSA*

49. Plaintiffs and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

50. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiffs and the FLSA Plaintiffs.

51. Defendants have failed to pay the proper statutory minimum wage to which Plaintiffs and the FLSA Plaintiffs have been entitled under the FLSA.

52. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and the FLSA Plaintiffs

53. As Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

54. As a result of Defendants' violations of the FLSA, the Plaintiffs and the FLSA Plaintiffs has been deprived of the proper minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wage under the NYLL*

55. The Plaintiffs and the Rule 23 Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

56. At all times herein pertinent, the Plaintiffs and the Rule 23 Plaintiffs were employees of Defendants within the meaning of the New York Labor Law.

57. Defendants are employers of the Plaintiffs and the Rule 23 Plaintiffs within the meaning of the New York Labor Law.

58. The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

59. Defendants have failed to pay the Plaintiffs and the Rule 23 Plaintiffs the proper minimum wages to which they were entitled under the New York Labor Law.

60. By Defendants' failure to pay the Plaintiffs and the Rule 23 Plaintiffs proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

61. Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

62. Plaintiffs and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

63. Defendants were required to directly pay the Plaintiffs and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

64. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and the FLSA Plaintiffs are employees within the meaning of the FLSA.

65. As also described above, Plaintiffs and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

66. The Defendants willfully violated the FLSA.

67. As such, Plaintiffs and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

68. Plaintiffs and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

69. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL*

70. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

71. Defendants were required to directly pay the Plaintiffs and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

72. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

73. As also described above, Plaintiffs and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

74. Due to Defendants' violations of the New York Labor Law, Plaintiffs and Rule 23 Plaintiffs are entitled to recover from Defendants thei unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Failure to Pay Spread of Hours*

75. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

76. Defendants have willfully failed to pay Plaintiffs and Rule 23 Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty - has been greater than 10 hours.

77. Through their knowing or intentional failure to pay Plaintiffs and Rule 23 Plaintiffs spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 et seq., and the supporting New York State Department of Labor Regulations.

78. Due to Defendants' violations of the NYLL, Plaintiffs and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as

provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Wage Statements in Violation of the NYLL*

79. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

80. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

81. As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

82. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs for each workweek after the violation occurred, up to the statutory cap of $2,500.

83. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

84. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

85. The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

86. Each Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

87. Defendants willfully failed to provide Plaintiffs and Rule 23 Plaintiffs with a wage notice containing the criteria enumerated under the NYLL.

88. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs and Rule 23 Plaintiffs in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

89. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs and Rule 23 Plaintiffs in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

90. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

    a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

    b. Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

      c.      An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

      d.      Designation of this action as a FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      e.      Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

      f.      All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for the Defendants' unlawful payment practices;

      g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

      h.      Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

      i.      Designation of Plaintiffs and their counsel as collective/class action representatives under the FLSA and the FRCP;

      j.      Pre-judgment and post-judgment interest, as provided by law; and

      k.      Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
      February 13, 2019

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____
Louis M. Leon (LL 2057)
*Attorneys for Plaintiff*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
LLeon@Cafaroesq.com