ROANNE L. MANN  
UNITED STATES MAGISTRATE JUDGE

DATE: August 14, 2019
START: 11:50 am
END: 12:10 pm

DOCKET NO: 19-cv-00852

CASE: Veloz et al v. MM Custom House Inc. et al

- [ ] INITIAL CONFERENCE
- [x] DISCOVERY CONFERENCE
- [ ] SETTLEMENT CONFERENCE
- [x] MOTION HEARING
- [ ] OTHER/ORDER TO SHOW CAUSE
- [ ] FINAL/PRETRIAL CONFERENCE
- [x] TELEPHONE CONFERENCE
- [ ] INFANT COMPROMISE HEARING

| PLAINTIFF | ATTORNEY |
|---|---|
|  | Louis Leon |
|  |  |
|  |  |

| DEFENDANT | ATTORNEY |
|---|---|
|  | Konstantinos Gaisidis |
|  |  |
|  |  |

- [ ] DISCOVERY TO BE COMPLETED BY _____
- [ ] NEXT _____ CONFERENCE SCHEDULED FOR _____
- [ ] JOINT PRE-TRIAL ORDER TO BE FILED VIA ECF BY _____
- [ ] PL. TO SERVE DEF. BY: _____ DEF. TO SERVE PL. BY: _____

RULINGS: PLEASE TYPE THE FOLLOWING ON DOCKET SHEET

On May 22, 2019, this Court sanctioned defendants and defense counsel for their discovery violations and flouting of judicial orders, and directed them to reimburse plaintiff for his counsel's reasonable fees and costs (DE #24). Rather than negotiating in good faith to agree upon an amount, defendants, through their attorney Konstantinos Gaisidis, dug in their heels, filed a frivolous cross-motion for sanctions (DE #28) and, through their continued stonewalling, significantly increased plaintiff's counsel's time charges. The Court rules that plaintiff is entitled to "fees on fees," but reduces the amount due from defendants and Mr. Gaisidis, jointly and

severally, to $2500 inclusive of costs (reduced from the $3,129.84 that plaintiff is seeking, see DE #26, #29). The sanction shall be paid by September 5, 2019.

Plaintiff has also filed a second motion to compel and for an order of preclusion (DE #27), based on defendants' production of approximately 200 checks payable to plaintiff subsequent to the May 22nd Show-Cause hearing at which defendant Mastromihalis and defense counsel and plaintiffs' counsel represented to the Court, that all time and pay records had been produced that day. In response to plaintiff's renewed motion to compel, defense counsel now states that all such records have been produced; however, when asked by the Court what time-keeping mechanism defendants utilized, defense counsel responds that he does not know.

The Court grants plaintiffs' motion to compel but denies without prejudice plaintiffs' motion for an order of preclusion (DE #27). Plaintiff is free to explore at defendants' depositions issues surrounding the existence and location of unproduced time and pay records. If need be, plaintiff will be afforded additional hours to examine defendants on these issues, and defendants may be required to appear for a second day of depositions.