UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOSE VELOZ AND GALILEO MEJIA, *on behalf*  :
*of themselves and others similarly situated;*  :
                                              :
                  Plaintiffs,                   :
                                              :
             -against-                       :    **MEMORANDUM AND ORDER**
                                              :    **19-cv-852(DLI)(JRC)**
MM CUSTOM HOUSE INC., d/b/a                   :
SPEEDWORLD; MANUEL MASTROMIHALIS;             :
and MIKE MICHAEL                              :
                                              :
                  Defendants.                  :
------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On February 13, 2019, Jose Veloz ("Veloz") and Galileo Mejia ("Mejia") (collectively, "Plaintiffs") initiated this putative collective action on behalf of themselves and others similarly situated against MM Custom House Inc., d/b/a Speedworld ("Speedworld"), Manuel Mastromihalis ("Mastromihalis"), and Mike Michael ("Michael") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and § 207(a); the New York Labor Law ("NYLL"), § 650 *et seq.*, § 160, and § 195; and corresponding New York Codes, Rules and Regulations ("NYCRR"). *See*, Compl., Dkt. Entry No. 1. Defendants answered the complaint on March 27, 2019. *See*, Ans., Dkt. Entry No. 15.

More than four years after the initiation of this case, and at the point where the case is trial ready, Defendants raise the issue of Article III standing for Plaintiffs' sixth and seventh causes of action of the complaint, alleging violations of NYLL §§ 195(1) and (3) and have moved for partial summary judgment to dismiss them pursuant to Federal Rule of Civil Procedure 56. *See*, Defs.' Letter re: Pretrial Stipulations, Dkt. Entry No. 52; Defs.' Mem. of Law in Supp. of Mot. for Partial Summ. J. ("Mot."), Dkt. Entry No. 62. Plaintiffs opposed the motion. *See*, Pls.' Mem. of Law in

Opp'n to Defs.' Mot. ("Opp."), Dkt. Entry No. 63. Plaintiffs Veloz and Mejia each submitted declarations along with their memorandum of law in opposition to the motion for partial summary judgment. *See*, Decl. of Jose Veloz ("Veloz Decl."), Dkt. Entry No. 64; Decl. of Galileo Mejia ("Mejia Decl."), Dkt. Entry No. 65. Defendants replied. *See*, Defs.' Reply ("Reply"), Dkt. Entry No. 68.

For the reasons set forth below, Defendants' motion for partial summary judgment is denied.

## BACKGROUND

**I.      Local Civil Rule 56.1 – Facts and Evidence Considered**

Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires that a party moving for summary judgment submit "a separate, short and concise statement, in numbered paragraphs" setting forth material facts as to which there is no genuine issue to be tried. *See*, Local Civ. R. 56.1(a). Similarly, a party opposing a motion for summary judgment shall submit papers that include "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." *See*, Local Civ. R. 56.1(b). The facts set forth in the moving party's Rule 56.1 Statement will be deemed admitted "unless specifically controverted by a correspondingly numbered paragraph" in the opposing party's Rule 56.1 counterstatement. *See*, Local Civ. R. 56.1(c); *See also*, *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 72 (2d Cir. 2001).

Here, Defendants' Local Rule 56.1 Statement consists of five paragraphs, and Plaintiffs' Local Rule 56.1 Counterstatement consists of objections to all five paragraphs as well as 20

numbered paragraphs of additional facts. *See*, Defs.' Rule 56.1 Statement ("Defs.' 56.1"), Dkt. Entry No. 60; Pls.' Rule 56.1 Counterstatement ("Pls.' 56.1"), Dkt. Entry No. 67. Paragraphs 1, 2, 3 and 5 of Defendants' Rule 56.1 Statement do not set forth material facts. Paragraph 1 states the date that the summons and complaint were filed, which is readily apparent from the case docket. Paragraph 2 states allegations set forth in the complaint. Plaintiffs object to both Paragraphs 1 and 2 as not material facts, but do not dispute them. *See*, Pls.' 56.1 ¶¶ 1-2. The complaint is not verified and, therefore, not admissible. Paragraph 3 is a conclusory allegation: "The complaint's allegations concerning the Defendants' violation of the wage notice and wage statement provisions do not link those violations to any injury but instead simply allege that the violations occurred." Plaintiffs object to this paragraph as not a material fact and they dispute it. *See*, Pls.' 56.1 ¶ 3. This paragraph is inadmissible as a legal conclusion. Defendants explicitly state that Paragraph 5 is a disputed fact. Plaintiffs do not allege otherwise. *See*, Pls.' 56.1 ¶ 5.

The only undisputed material fact is contained in Paragraph 4, which restates the stipulation between the parties that Defendants "did not provide the required wage notices, and did not did not [sic] provide the wage statements required by NYLL §195(3)." *See*, Pls.' 56.1 ¶ 4. Plaintiffs' objection that this is not a statement of material fact is overruled in light of the parties' stipulation.

In reviewing this motion for partial summary judgment, the Court has considered only facts that have been established by admissible evidence and disregarded conclusory allegations and legal arguments contained in the Rule 56.1 Statements. *See*, *Holtz*, 258 F.3d at 73. The Court also has exercised its discretion to "conduct an assiduous review of the record" in order "to consider what the parties [have] fail[ed] to point out in their Local Rule 56.1 Statements." *Id*. (internal quotation marks and citation omitted).

## II.     Factual Background

Speedworld is an auto repair, collision, and customization shop, located at 7720 Queens Blvd., Elmhurst, NY 11373.  Compl. ¶ 32; Joint Pretrial Order ("JPTO") ¶ VI(3), Dkt. Entry No. 41.  Prior to December 2015, Michael was an owner and day-to-day overseer of Speedworld, and was responsible for hiring and firing employees and determining their rates, methods of pay, and the hours that employees are required to work.  Compl. ¶ 33; JPTO ¶ VI(5).  From December 2015 through at least December 4, 2019, Mastromihalis was an owner and day-to-day overseer of Speedworld, with the same responsibilities as Michael.  Compl. ¶ 33; JPTO ¶ VI(4).

Veloz and Mejia formerly were employed by Speedworld.  Veloz worked for Speedworld from in or about 2009 through July 23, 2018.  Compl. ¶ 34.  Mejia worked for Speedworld from on or about January 15, 2014 through on or about July 23, 2018.  *Id.* ¶ 38.

Defendants did not provide wage notices to Plaintiffs at the time they were hired as required under NYLL § 195(1) or wage statements throughout their employment as required under NYLL § 195(3).  Compl. ¶ 44-45; Stipulation, Dkt. Entry No. 55.  Defendants contend that they provided alternate wage statements, even though they did not comply with NYLL § 195(3); however, Plaintiffs deny that any such statements were provided.  *See*, Stipulation.  The record does not contain any information about the nature of the supposed alternate wage statements.[1]

### LEGAL STANDARD AND ANALYSIS

## I.     Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

---

[1] In a letter filed on September 28, 2022, Defendants contended that they had provided wage statements as required by NYLL § 195(3), which they would present as trial Exhibits B and D.  *See*, Defs.' Letter, Sept. 28, 2022, Dkt. Entry No. 52.  However, that letter predated the joint stipulation that Defendants did not provide wage statements in accordance with NYLL.  It is unclear whether these trial exhibits are the "alternate wage statements."

Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted). "A genuine factual dispute exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Truitt v. Salisbury Bank & Tr. Co.*, 52 F.4th 80, 85 (2d Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

If the moving party meets its initial burden of demonstrating the absence of genuine issues of material fact, "the burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists." *Weg v. Macchiarola*, 995 F.2d 15, 18 (2d Cir. 1993). The nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). Instead, the nonmoving party affirmatively must set out facts showing a genuine issue for trial. *Anderson*, 477 U.S. at 250. "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"[W]here the nonmoving party bears the burden of proof as to a particular issue, the moving party may satisfy his burden under Rule 56 by demonstrating an absence of evidence to support an essential element of the nonmoving party's claim . . . . Where the moving party has attempted to demonstrate that the nonmoving party's evidence is insufficient as a matter of law to establish his claim, the burden shifts to the nonmoving party to come forward with persuasive evidence that

5

his claim is not 'implausible.'" *Binder v. Long Island Lighting Co.*, 933 F.2d 187, 191 (2d Cir. 1991).

## II.     Plaintiffs' Declarations

During summary judgment, a party "asserting that a fact cannot be or is genuinely disputed must support the assertion by" citing to depositions, documents, affidavits, declarations, stipulations, or other materials in the record. *See*, Fed. R. Civ. P. 56(c)(1)(A). A court also may "give an opportunity [to a party] to properly support or address [a] fact" that was not properly asserted or addressed as required by Rule 56(c). *See*, Fed. R. Civ. P. 56(e)(1).

Here, Defendants supported their motion for partial summary judgment with the complaint and the stipulation regarding wage notices and wage statements, appended as Exhibits A and B, respectively. *See*, Defs.' Ex. A, Dkt. Entry No. 61-1; Defs.' Ex. B, Dkt. Entry No. 61-2. In opposition, each Plaintiff filed a declaration, signed under penalty of perjury. *See*, Veloz Decl.; Mejia Decl. In pertinent part, the declarations allege that: (1) Plaintiffs suspected they were not being paid at the appropriate rates; (2) Plaintiffs expressed their concerns with the Defendants at least twice per year during their employment, at which times Plaintiffs requested records showing hours worked, rates of pay, and explanations of wage calculations; (3) Defendants did not provide Plaintiffs with the records and, instead, told them they were being paid properly and that Defendants did not pay overtime; and (4) Plaintiffs were unable to verify their suspicions until they later consulted with an attorney.

Defendants contend that Plaintiffs' declarations should be disregarded by the Court for purposes of this motion. The Court disagrees. First, the declarations fall within the parameters of admissibility provided by the Federal Rules. They were made "on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to

6

testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Plaintiffs submitted them in support of their assertion "that a fact . . . is genuinely disputed." Fed. R. Civ. P. 56(c)(1)(A). Additionally, courts in this Circuit have found declarations signed under penalty of perjury admissible for summary judgment purposes. *See*, *Livingston v. City of New York*, 563 F. Supp.3d 201, 228 n. 11 (S.D.N.Y. 2021) (finding unnotarized declaration signed under penalty of perjury admissible for summary judgment); *Quiles v. City of New York*, 978 F. Supp.2d 374, 382 (S.D.N.Y. 2013) ("[T]he absence of a notarization is not a basis for the Court to refrain from considering [a] post-deposition statement."). It is well settled in this Circuit that, "[t]o defend against summary judgment for lack of standing, a plaintiff 'must set forth by affidavit or other evidence specific facts' supporting standing, as is generally required under Rule 56." *Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013), *as amended* (Mar. 21, 2013) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), and citing Fed. R. Civ. P. 56(c)). Accordingly, the declarations are properly before the Court for this motion.

Second, the Court is unpersuaded by Defendants' contention that the declarations should not be considered simply because the facts included therein were not in the complaint and are being asserted for the first time in opposition to the summary judgment motion. Defendants rely on *Cheng v. Via Quadronno LLC*, 2022 WL 17069800 (S.D.N.Y. Nov. 17, 2022), to support their claim that it is improper, unfair, and prejudicial to allow Plaintiffs to introduce the declarations now. Defendants misapply *Cheng*, which is from a court of concurrent jurisdiction and is not binding on this Court. In pertinent part, the defendants in *Cheng* moved for summary judgment on claims regarding whether the plaintiffs were paid at the appropriate overtime rate. In opposition and in their Rule 56.1 counterstatement, the plaintiffs did not dispute that they were paid at the correct rate. Instead, for the first time, they claimed that their hours were undercounted, which

7

they had not stated in their third amended complaint. Since the defendants "were entitled to make their motion for summary judgment on the basis of the pleadings made . . . against them[,] [t]hey would be prejudiced by permitting [the plaintiff] to in effect amend the pleadings and defeat summary judgment on the basis of arguments and allegations as to which he gave Defendants no notice." *Cheng*, at *6.

Here, Plaintiffs' allegations are distinct from the new legal theories that the *Cheng* plaintiffs attempted to advance for the first time at summary judgment. The facts in Plaintiffs' declarations do not modify the pleadings substantively or reflect a new legal theory. While the statements in the declarations regarding the frequency of Plaintiffs' requests for wage statements and notices appear in the record for the first time, they are not substantively new claims that the Defendants require early enough in the litigation "to tailor its discovery to prepare an appropriate defense." *Cheng*, at *6.

Significantly, Defendants have been on notice for some time that Plaintiffs would present such facts at trial and, thus, are not prejudiced as they claim. Indeed, the JPTO stated that both Plaintiffs would testify to the documentation they did and did not receive. *See*, JPTO ¶ VII, "Plaintiffs' Statement," §§ a-b. In response to Defendants' motion, Plaintiffs simply introduced that testimony sooner than they had intended. Notably, Rule 56(e)(1) allows for a court to give a party the opportunity to address another party's assertion of fact. Thus, considering Defendants' introduction of new defenses at this stage, prior to Plaintiffs' intended trial testimony, this Court does not see how Defendants will be prejudiced by consideration of Plaintiffs' declarations.

Finally, Defendants' contention that Plaintiffs' claims are "not believable" is misplaced. "It is a settled rule that credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary

judgment." *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (quotation marks, alterations, and citation omitted). At this stage, the question is whether the nonmoving party has shown "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth *at trial*." *Id.* (quoting *First Nat'l Bank of Ariz. V. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)) (emphasis added). Accordingly, Defendants' objections to the Court's consideration of Plaintiffs' declarations are overruled.

### III. Article III Standing for Wage Notice and Wage Statement Claims

Defendants seek summary judgment as to Plaintiffs' sixth and seventh causes of action of the complaint. The sixth cause of action seeks statutory damages for failure to furnish Plaintiffs with wage statements during their employment, in accordance with NYLL § 195(3). Compl. ¶¶ 79-83. The seventh cause of action seeks statutory damages for the failure to furnish Plaintiffs with wage notices at the start of their employment, in accordance with NYLL § 195(1). *Id.* ¶¶ 84-89. Defendants contend that Plaintiffs lack Article III standing under *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), to maintain these causes of actions because Plaintiffs "have not linked any injury in fact to the Defendants [sic] alleged failure to provide wage notices, wage statements, or maintain payroll records." Mot. 4. Put differently, Defendants contend that because Plaintiffs only allege a technical statutory violation, with no injury in fact, Plaintiffs lack standing to bring these claims. The Court disagrees.

#### A. Legal Standard for Article III Standing

"Under Article III of the U.S. Constitution, '[t]he judicial Power of the United States' extends only to certain 'Cases' and 'Controversies.'" *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir. 2021) (quoting U.S. Const. art. III §§ 1-2). To satisfy the "irreducible constitutional minimum" of Article III standing, a plaintiff must have (1) suffered an injury in fact,

9

(2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted). Defendants contend that Plaintiffs fail to satisfy the requirement of injury in fact, the "[f]irst and foremost" of standing's three elements. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998).

To demonstrate injury in fact, a plaintiff must show the "invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks omitted). "A 'concrete' injury must be 'de facto'; that is, it must actually exist." *Id.* (internal quotation marks omitted) (explaining that "[w]hen we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term—'real,' and not 'abstract.'").

The burden lies with a plaintiff to demonstrate standing since the plaintiff is the party "invoking federal jurisdiction." *TransUnion*, 141 S. Ct. at 2207. To avoid summary judgment, the plaintiffs (nonmovants) bear the "burden of establishing that they have standing." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013). Moreover, "a plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). Thus, a federal court may not "exercise supplemental jurisdiction over a [state law] claim that does not itself satisfy the[ ] elements of the Article III inquiry." *Id.* at 351-52.

Notably, the Supreme Court held in *TransUnion* that a plaintiff does not have standing for technical statutory violations unless the plaintiff has suffered a concrete harm. 141 S. Ct. at 2205. "[U]nder Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that

10

violation in federal court." *Id.* (emphasis in original).  In the context of "informational injuries," in which plaintiffs' injuries arise from the failure to receive information to which they are entitled, plaintiffs must demonstrate "*downstream consequences*" of the failure to receive the required information.  *TransUnion*, 141 S. Ct. at 2214 (emphasis added).

### B. Analysis

Plaintiffs allege that Defendants violated the wage notice and wage statement requirements of NYLL §§ 195(1) and (3) because they did not receive wage statements "that reflected the amount of hours that they worked, their regular rate of pay or his [sic] overtime rate of pay for each hour they worked in excess of forty hours in a given workweek," and because "Defendants intentionally did not provide Plaintiffs with a wage notice at the time of his [sic] hire, or at any time thereafter, containing any of the" statutorily required information.  Compl. ¶¶ 44-45, 79-89.  Moreover, Plaintiffs allege that Defendants did this "to maximize their profits while minimizing his [sic] labor costs," and that "[e]very hour that Plaintiffs worked was for Defendants' benefit." *Id.* ¶¶ 46-47.  Defendants contend that Plaintiffs "have not alleged, let alone put forth evidence, that the claimed technical violations caused any underpayment of wages," and consequently have not shown any injury in fact.  *See*, Mot. 3.  The Court disagrees.

As an initial matter, "courts in the Second Circuit have reached different conclusions when weighing the sufficiency of a plaintiff's allegations to show Article III standing to pursue NYLL wage notice and wage statement claims in federal court." *Guthrie v. Rainbow Fencing Inc.*, 2023 WL 2206568, at *5 (E.D.N.Y. Feb. 24, 2023).  Some courts have found that plaintiffs failed to allege sufficient facts to maintain standing for their NYLL Section 195 claims.  *See, e.g.*, *Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp.3d 355, 373 (E.D.N.Y. Nov. 30, 2022) (finding on default judgment a lack of standing based on only the complaint); *Deng v. Frequency Elecs., Inc.*, 2022

11

WL 16923999 (E.D.N.Y. Nov. 14, 2022) (finding lack of standing and dismissing claims without prejudice to recommencement in state court); *Sudilovskiy v. City Wav Corp.*, 2022 WL 4586307 (E.D.N.Y. Sept. 29, 2022) (on default judgment, finding lack of standing, but affording plaintiffs an opportunity to amend the complaint); *You Qing Wang v. XBB, Inc.*, 2022 WL 912592 (E.D.N.Y. Mar. 29, 2022) (finding lack of standing because plaintiffs failed to link violations to an injury in fact).

However, other courts within this Circuit have found standing for NYLL wage notice and wage statement claims in circumstances akin to Plaintiffs' circumstances of employment. *See*, *Lipstein v. 20X Hosp. LLC*, 2023 WL 6124048, at *10 (S.D.N.Y. Sept. 19, 2023) (finding that plaintiff had standing because he sufficiently alleged "that he was hindered in his ability to contest the wage and hour deficiencies to which he was subjected by him employer"); *Arguello v. Lojan*, 2023 WL 6594854, at *7 (E.D.N.Y. July 12, 2023), *report and recommendation adopted in relevant part*, 2023 WL 6172246 (E.D.N.Y. Sept. 22, 2023) (finding standing because "plaintiff alleges that defendant's failure to provide accurate wage notices and accurate wage statements denied him his statutory right to receive true and accurate information about" his employment, and defendant's "breach of these obligations injured [plaintiff] by denying [him] the right to know the conditions of [his] compensation, resulting in the underpayment of wages"); *Bueno v. Buzinover*, 2023 WL 2387113, at *2 (S.D.N.Y. Mar. 7, 2023) ("[A]lthough the [second amended complaint] is unspecific as to the downstream injuries that resulted from these alleged statutory violations, such allegations are not necessary to supply standing, and plaintiffs have standing to assert these [NYLL] claims."). As in those cases, Plaintiffs here have alleged injury in fact arising from the wage notice and wage statement violations sufficiently to survive summary judgment.

In *TransUnion*, the Supreme Court addressed certain informational injury claims, specifically whether plaintiffs suffered injury from, and, thus, had standing to challenge, TransUnion's failure to send them information in the proper format. TransUnion provided the required information, but in the wrong format. The Supreme Court recognized that the statutory requirements to provide the information were "designed to protect consumers' interests in learning of any inaccuracies in their credit files so that they can promptly correct the files," but the plaintiffs had not identified any "downstream consequences" that resulted from TransUnion's error. 141 S. Ct. at 2213-14. Here, Plaintiffs have identified downstream consequences, as the deprivation of wage notices and wage statements prevented them from verifying their pay and deprived them of income until they consulted an attorney and initiated legal action.

Finally, contrary to Defendants' assertion, the beneficent purpose of the statutes is relevant. *See*, Reply 5-6. New York's Wage Theft and Prevention Act, which promulgated NYLL §§ 195(1) and (3), "was enacted to further protect an employee's concrete interest in being paid what he or she is owed under the NYLL." *Bueno*, 2023 WL 2387113, at *3 (quoting *Imbarrato v. Banta Mgmt. Servs., Inc.*, 2020 WL 1330744, at *8 (S.D.N.Y. Mar. 20, 2020)). Indeed, it is well established in this Circuit that "[a]ny monetary loss suffered by the plaintiff satisfies [the injury in fact] element; even a small financial loss suffices." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016). It follows that Plaintiffs have Article III standing to bring claims under NYLL §§ 195(1) and (3) based upon the facts alleged because wage notices and wage statements are necessary to empower employees to understand and advocate for their rights, and the deprivation of that information "can impinge on an employee's interest not only in being paid what is owed, but also in being able to advocate for the receipt of proper pay." *Id.*

13

## CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment is denied.

SO ORDERED.

Dated: Brooklyn, New York
        March 26, 2024

                                              /s/
                                  DORA L. IRIZARRY
                                United States District Judge